Good afternoon, Your Honors. Donald Cook for Plaintiff Appellant Juan Martinez. I want to address some facts that you will never know if you just read the trial judge's order. 113 p.m. in the field, Officer Lee runs the query in WPS. He gets the hit on 116 p.m. LAPD, the agency responsible for the warrant, runs the hit or runs the name, birthdate. They get the same hit on that Juan Martinez warrant. At that 116, three minutes later, 119 p.m., Officer Lee is still in the field with Juan Martinez. LAPD transmits to the Stockton station the warrant abstract. Can I just ask a clarifying question about what exactly you're contending? As I understand it, your only claim that the LAPD is liable rests on its behavior or its omissions in connection leading up to Stockton's booking of Mr. Martinez on the warrant. Am I correct in that? You are correct. Okay, so there's nothing with respect to anything that happened after he was booked on the warrant vis-a-vis LAPD. Correct. From those facts, and those facts are just beyond any dispute because they're established by catalogs showing times when transmissions were made, Officer Lee leaves the field at 118 p.m., doesn't get to the station until 10 minutes later, 128 p.m. From those facts, the inference is, and it's a very reasonable and I'd say powerful inference, is the only thing LAPD did is to, quote, verify the warrant. They ran it in WPFs and then generated the warrant abstract and sent it to the station. That's SAMSO. SAMSO helped me on something here. Yes. If I read this record right, and I may not if it's kind of complicated with innumerable acronyms, if I read it right, within one hour of busting Martinez, the Stockton policeman knew that, number one, he's got a guy who's vastly different in height and weight. And then he knew from what he got from the LAPD that his guy has a different fingerprint from the person that the warrant was out for. So, and all LAPD really had to give him for him to know that he had the wrong guy was the number, I think they call it a CIS number or something like that, that gets him the fingerprint, which he got, and which showed after he scanned the fingerprint, it's a different guy. As I understand the fingerprint scanner, it's the same one they use at Clear, at the airport, or at various other locations where you just put your finger on the pad and there's an electronic match or electronic no match, and it comes in seconds, and there wasn't any more that a Stockton policeman needed to know from L.A. to know that he had the wrong guy. You are certainly correct in that Stockton absolutely should have known when he got that warrant abstracted and now they've got Juan Martinez, they've got the wrong guy. I understand, right, but you can back up even more when Officer Lee got the, remember Officer Lee's got the body, my client Juan Martinez, he's in the field, he knows he has someone who's 5'9 and 230 pounds and he gets a WPS hit that says 5'1 possibly and 140 pounds. So, I mean he was already on notice, but going to LAPD, LAPD puts this warrant in this statewide system, which is not a warrant database, it's just basically gives you an alert if you're an agency, hey there may be this warrant, and LAPD gives this. This statewide system, and I can't remember because of the acronyms, whether it's the same site, SITE, or a different site, but it also gives you the fingerprint, isn't that right? It gives you a possible, in this case, it's called WPS, the state system, wanted person system. It included height, weight, as well as a possible CII number. They say possible because it's a state system, it's not the actual warrant, they tell all the agencies up front, don't rely on what we're telling you, this is just to give you a heads up, go contact the agency that's actually got the warrant. But we have to identify what is the rule that is the source of the norm for judging LAPD's behavior, and given that this is only about whether to book him on the warrant, and it's not anything about he's later in custody and says, you know, I'm really not the right person, you need to let me out, and what kind of process he should get. It seems to me that this is exclusively governed by the Fourth Amendment and Gant, and that the Baker-Garcia line relates only to someone who's already been booked, who then claims I'm entitled to some kind of due process for evaluating my claims that I shouldn't be here and my incarceration is wrongful. But if it's the Fourth Amendment, the warrant is absolutely perfectly particular because the warrant abstract has the CII number, and so that would suggest under the Fourth Amendment framework that LAPD did nothing wrong. Do you disagree with that, and if so, why? Okay, I do disagree with your contention that it's a Fourth Amendment question. It's a due process question, and the reason it's a due process question is there was a joint responsibility for Stockton and LAPD to ascertain that this body in the field, my client Juan Martinez, is the person. That's a state law issue. Why does that give rise to some kind of federal rule to act in accordance with state procedures? Well, because LAPD did not have to, but they chose to put that warrant into WPS. That's the state system. And when they did that, the state said, here are the conditions. Because we don't actually have the warrant, you have to be available 24-7 and verify with whatever agency. So all those conditions become federal in nature. How does that happen, and what authority says? It's not because, of course, I'm not suggesting that state law establishes a constitutional rule. What I am saying is that when the state, excuse me, when the LAPD steps forward and says, we're going to use the state system to verify if one of our warrants applies to a person, they have stepped forward to undertake the responsibility to make sure that the warrant that's at issue applies to the person in the field. If I could just back up a moment, let's just use the example of Stockton, okay? Stockton, obviously, is the agency that's got the body in custody. They have a due process duty, I would submit, under Garcia. Does this person we've got in our custody, and they lawfully had him in their custody, by the way, because they had him arrested in a drunken public. Does this person really match this person described in the warrant? They've got a due process duty. That's Garcia. What's different about this case is not really different in a legal sense, but there was a joint responsibility because of what LAPD did, stepping forward and saying, we're going to put this warrant into the state system because we want agencies outside of Los Angeles County to grab this guy if they get in their custody. Then they have stepped forward to take joint responsibility. The Fourth Amendment says that basically the arresting agencies of Stockton needs to have probable cause that he is the person in the warrant. LAPD's responsibility is to ensure that the warrant is sufficiently particularized for those who use it, but the match by probable cause is the arresting entity. Let me break this up into two pieces. Do you agree that if we apply the Fourth Amendment framework that you lose, or do you think you would still win within the Fourth Amendment framework? Well, as against LAPD, plaintiff does not prevail because LAPD does not have physical custody of the body. Correct. And with regard to Stockton, they have both a Fourth Amendment and a due process problem, okay? But I'm just saying, because the point is, there's a due process obligation I submit. Where's the authority that says that an entity that puts a warrant out to the world that's sufficiently particularized has a due process obligation to undertake further steps? What authority says federal authority? Where does that come from in federal law? Well, I would submit it comes from the due process clause, number one. Now, number two, if you're saying, do I have a case to cite to you that under just these set of facts, no, I do not. The closest is Garcia. Garcia, though, was a county warrant, and he was brought into the county jail. But keep in mind that there's no question of PC here to arrest Juan Martinez. They had PC. They arrested him in the drunken public. He was going to go to the station jail. He'd be booked anyway. The only question was, is he also the person on this warrant? Counsel, even if I accept all of the arguments you've made, even going to the extreme of some sort of consultation on the telephone chatter, not just transmitting data, that was the obligation of the LAPD. I still can't understand, well, I guess you'd say, your case. It seems to me, even if they talked on the phone and were worried about whether a guy with such a common name was really the same guy, it seems like all they could talk about on the phone was a call, a seat, how heavy is he, and does his fingerprint match? And we already gave you the fingerprint. Did you check the state system to see if your guy has the same fingerprint as our guy? Well, yeah, we checked it, and it's a different fingerprint. I don't see what else they could have done. Well. To make sure that the arrested individual, Martinez, was or was not the same individual. What you just described did not happen here. But suppose it did. They already had all that information in Stockton. Well. And you're saying, well, I'm going to talk about it, but I can't see what it would be, except I don't chatter, because what more could they give Stockton? What they would have said to Stockton, if they were doing what they agreed to do, when they put that warrant in the WPS, they would have asked a simple, obvious question. Okay, what's the name? What's the birthdate of your guy? What's the height? What's the weight? And, of course, as soon as you say height and weight, you say, whoa, there's a problem. And then the next thing you say, if you're LAPD, because LAPD knows the importance. The next thing you say is, well, we've got a CII number for this warrant. What's your guy's CII number? Now, Stockton would have said, we don't know. He's still in the field with Officer Lee. Okay, when you book him on your drunken public charge and get his CII number, well, here, write it down, whatever, then give us a call. They sent the CII number within an hour, didn't they? When they got the warrant abstract. But the problem is, as soon as you issue the warrant abstract, and LAPD knew this, that is, LAPD knew it, Stockton knew it, because this is how it works under the state procedures. As soon as you get the warrant abstract, that means your guy is the guy on the warrant. That's what the warrant abstract means. And, obviously, that cannot possibly be true, because LAPD doesn't have the body of the person. So they have no idea. It's just like that clientele is saying, all they can do is say, this is the information that pertains to the guy in our ward. And it seems to me it's totally on the arresting entities and to verify whether, in fact, the information matches. The other testimony that the judge's order never mentions is the testimony of Helen Lopez. She is the LAPD expert on this process, and she explained how it's the duty of the agency that issued the warrant to talk to the agency that's got the body and say, this is what we know about our guy. I'll make sure you have time for a vote. Well, anyway, and that's the point. You have a conversation. Let me have a question. Let me ask you my one question, and I'll make sure you have time for a vote. It just seems to me your position is that the federal due process clause requires an entity that issues a warrant, like LAPD, to basically double-check the homework of the arresting entity, because that's all that LAPD could do from the distance, right? Stockton has all of the information needed to do the comparison, and all you're saying, it seems to me, is, well, LAPD should have been in the mix so that they could make sure that Stockton did the right comparison and came to the right conclusion. And what we're in the federal constitution, as Judge Collins said, doesn't that rule come from? I don't see it. Where I disagree on what you just stated is that before LAPD issued the warrant abstract, they were obligated to make some effort to say, find out, is this guy you've got, the guy that our warrant described, they were obligated to make some effort. The record here supports the conclusion they made no effort, and the reason it supports that is, 113 p.m. the WPS query is made by Officer Lee. 116, it's made by LAPD, which is really a nonsense thing for them to do. And then 119, they issue the warrant abstract, and there's been, and Juan Martinez is still in the field. He's never even been brought to the station, and it's the station that's talking to LAPD. Let me ask you this. Did you come forward with any evidence that LAPD was aware of a pattern or practice of arresting entities like Stockton, not comparing the CII numbers? Yes, it's a testimony of Paula Weissman. She is the LAPD-designated agent. It's never mentioned in the trial court's order, but she went through the logs of the communications through Kletz and stuff, and she verified what I just said about those transmission times and said, yeah, we just went. I'm not talking about this case. I'm talking about other cases. Well, did I bring in other incidents? The short answer is no, I didn't need it. Well, it seems to me you would have to, because if you're going to say that LAPD was deliberately indifferent, given the policies that it had, to the risk that some arresting entity is just not going to do the most basic comparisons. I understand that Stockton had the two numbers, and they obviously don't match, and that's all you needed to know, to know that they had the wrong guy. So why in the world would LAPD think that Stockton would be so incompetent not to just compare the two numbers? You were saying, well, LAPD had to make sure that Stockton, you know, did the comparison correctly, and maybe if LAPD was aware that there's just rampant incompetence out there and we're the only ones who can double-check to make sure that these people are doing their job right, maybe you could say they were deliberately indifferent to the risk that constitutional violations would occur, but I didn't see any evidence of that. I'm over my time, so I'll try to be very brief on my answer. LAPD knew their obligation to provide fingerprint identifiers, their obligation to seek information from Stockton, and LAPD, from the record, the evidence we have here, suggests they did not do that, given the rapidity with which they issued the warrant abstract, because once that warrant abstract issues, you know, LAPD's out of the picture, right? Because they're saying, whoever you have, that's the guy on the warrant. LAPD did nothing. LAPD knows the importance of CII numbers, how dispositive it is, but when their designated agent testifying that was admission by a party, LAPD said, that's irrelevant for purposes of our warrant verification procedure. We don't care, and she further testified, if this incident came up again, it would go down the exact same way. This is all pursuant to policy. This is why it wasn't necessary to bring in, you know, a string of other incidents. I'm over my time. I apologize. Thank you. All right. Let's hear from counsel for the city, I guess. So LAPD is not an entity that can be sued, is that correct? That's correct, Judge Wofford. All right. Sorry. Jonathan Eisenman from the City of Los Angeles may please report. I think Judge Collins identified the big problem with this case, and I think Mr. Cook effectively conceded it, which is that his theory turns on an application of the 14th Amendment that has no basis in case law. In fact, I think the Supreme Court was pretty clear in the City of Joliet that in a case like this, you should be applying the 4th Amendment, and there's no 4th Amendment theory that covers the injury to his client, at least vis-à-vis the LAPD. I think with that concession and the panel's questioning, I don't think I heard any built answers to that question, so I'm not sure that there's really much more I need to say. Unless the panel has any questions for me, I'm happy to submit on the briefs. Thank you. Okay. All right. Very good. I don't know, there's not much for you to respond to, but if you have a... Well, there are all those questions you had for him where you really grilled him hard. Anyway, hey, I understand the lay of the field here. It's a due process theory because LAPD put that warrant out in WPS knowing what their obligations were once they do that, per the training they had received and been told by the State of California, training that they also know, that Stockton was relying on, because obviously they're the agency that got knowledge of the warrant through WPS. That's why it's a due process issue. LAPD did absolutely nothing to try and... I mean, that's a fair inference. It did nothing to try and verify the warrant, other than to say, hey, it's in WPS, that's good enough for us, book them on the warrant. Here's the warrant abstract. Due process issue. Thank you. Okay. Thank you very much for your argument. The kids just argued this.
judges: KLEINFELD, WATFORD, COLLINS